## Case No. 4,677.

### The FARRAGUT.

[6 Blatchf. 207.][1]

Circuit Court, D. Connecticut. Oct. 8, 1868.

NELSON, Circuit Justice. The tug is employed in towing vessels on the Connecticut river, between its mouth and the city of Hartford, exclusively within the limits of the state of Connecticut, and is not itself engaged otherwise in commerce. The 4th section of the act of June 8, 1864 (13 Stat. 120), declares, that the 42d section of the act of August 30, 1852 (10 Stat. 75), shall be so construed as to require the inspection, in the manner prescribed by the latter act, of every vessel propelled, in whole or in part, by steam, and engaged as a ferry-boat, tug or towing boat, or canal boat, in all cases where, under the laws of the United States, such vessels may be engaged in the commerce with foreign nations, or among the several states. The argument on the part of the government is,

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

that, by vessels engaged in the commerce with foreign nations, or among the several states, is meant vessels towed; and that, if they are engaged in such commerce, the tug engaged in moving them is also. But this is a very broad construction, and is not borne out by the language of the section. The language is—every vessel propelled, &c., and engaged as a ferry-boat, tug or towing boat, &c. Where, under the laws of the United States, such vessels are engaged in commerce, &c., they are required to be inspected and to take out the license. It is the ferry-boat, or the tug itself, that must be engaged in commerce under the laws, &c., in order to subject it to the penalties of the act. Within this explanation, the libel cannot be sustained. It would have been easy and natural to have said—every tug employed in towing vessels, which vessels are engaged in commerce, &c.—if the construction contended for had been intended.

Decree affirmed.